1:22-cv-1234
Jane M. Beckering
U.S. Chief District Judge

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FILED - KZ
December 28, 2022 11:10 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
__mg__ Scanned by M9/ 12/28/22

EMANUEL S. COATES and
KARA A. COATES,

        Plaintiffs,

Vs.

BRANDON DOCKHAM,
BROOKFIELD CHRYSLER DODGE JEEP DEALERSHIP, and
GM FINANCIAL, INC., jointly and severally,

        Defendants.

Case No.:_____

HON:_____

_____/

Emanuel S. Coates
Kara A. Coates
Plaintiffs in pro per
6117 Oakland Dr.
Portage, Michigan 49024
269.271.1104
emanueljustice59@gmail.com

_____/

# CIVIL COMPLAINT WITH JURY DEMAND

## CIVIL COMPLAINT WITH JURY DEMAND

**NOW COMES** the Plaintiffs, **EMANUEL S. COATES** and **KARA A. COATES**, proceeding in pro per, and for their action against the Defendants, jointly and severally, states as follows:

### JURISDICTION, VENUE AND PARTIES

1. The Plaintiffs reside in the County of Kalamazoo, State of Michigan, and have done so at all times relevant to this cause of action.

2. Defendant, Brandon Dockham, as Plaintiffs are informed and believes, is a car sales associate, employed by Brookfield Chrysler Dodge Jeep Dealership, selling new and used vehicles in the State of Michigan and County of Berrien, and has been doing so at all times relevant to this cause of action.

3. Defendant, Brookfield Chrysler Dodge Jeep Dealership, as Plaintiffs are informed and believes, is a Michigan Corporation doing business in the State of Michigan and County of Berrien, and has been doing so all times relevant to this cause of action.

4. That Defendant, Brookfield Chrysler Dodge Jeep Dealership, had, at all times relevant to this cause of action, a new and used vehicle dealership located at 1845 Pipestone Road, Benton Harbor, Michigan 49022.

5. Defendant, GM Financial, Inc., is a duly organized Fort Worth, Texas corporation with its principal place of business located at 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102.

6. Defendant GM Financial, as Plaintiffs are informed and believes, is a financial provider of high interest auto loans through auto dealerships, including Brookfield Chrysler Dodge Jeep, Dealership, and had been doing so at all times relevant to this cause of action.

7. Defendant, and each of them, acted in concert and for a common purpose to defraud the Plaintiffs, misrepresent, and failure to disclose material facts to the Plaintiffs before they signed two vehicle purchasing agreements.

8. This Court has jurisdiction over this action under 28 U.S.C. §1331(a)(1); because one defendant is located in another state and the amount in controversy exceeds the sum of $100,000 exclusive of interest and costs. Defendant GM Financial's headquarters are located at 801 Cherry Street, Suite 3500, Fort Worth Texas 76102.

9. Venue is proper in this judicial district under 28 U.S.C. §1391 because the actions complained of arose in the Western District of Michigan, in the County of Berrien.

## **FACTUAL ALLEGATIONS**

10. Plaintiffs incorporate by reference paragraphs 1 through 9 above as though fully stated herein.

11. On or about January 24, 2022, Plaintiffs purchased a used 2017 Dodge Ram 1500 truck. Vehicle Identification No.: 3C6RR7LT8HG506525 from Defendants Brandon Dockham and Brookfield Chrysler Dodge Jeep Dealership.

12. The purchase price for the vehicle was $38,748.94.

13. The finance charges were in the amount of $18,441.39 a sum total of $57,190.32.

14. Plaintiffs traded in a 2016 Dodge Ram 1500 truck towards the purchase of the 2017 Dodge Ram 1500 truck along with a down payment of $3,100.00. Plaintiffs' trade-in was valued at approximately $30,000.

15. Plaintiffs at the time of purchasing the 2017 Dodge Ram 1500 truck, believed that they were signing a purchasing agreement between themselves and Americredit.

16. That Plaintiffs had no idea and/or prior information that GM Financial would be involved in the loan for the vehicle, and neither Defendants Brandon Dockham or Brookfield Dealership, informed Plaintiffs of this material fact before signing the purchasing agreement.

17. The purchase agreement that the Plaintiffs signed makes no references to GM Financial or that Americredit was **(d/b/a)** as GM Financial or vice versa.

18. That if this material fact had been disclosed to Plaintiffs, prior to signing the purchase agreement, they would not have entered into the agreement.

19. The Plaintiffs made it very clear to Defendant Dockham during the course of the sale, that there were several financial institutes that they did not want to do business with, and GM Financial was one of them. Defendant Dockham assured the Plaintiffs that they were doing business with Americredit only.

20. On or about March 4, 2022, Plaintiffs purchased a second vehicle from Defendants Dockham and Brookfield. A 2022 Toyota Camry.

21. Plaintiffs traded in a 2015 Chevrolet Traverse towards the purchase of the Toyota. The approximate purchase price for the Toyota was $42,000 including finance charges.

22. During the purchase of this vehicle, it was never disclosed to Plaintiffs that GM Financial would be involved with the loan. Defendant Brandon Buckham was aware of the fact that the Plaintiffs did not want any business dealings with GM Financial; from the conversation between Plaintiffs and Defendant Buckham when they purchased the Dodge Ram truck from defendant Dockham prior.

23. The Toyota purchase agreement lists Americredit as the financial institute that provided Plaintiffs with the loan. The purchase agreement does not disclose GM Financial as doing business ("d/b/a") as Americredit.

24. Shortly after Plaintiffs purchased the Toyota, they received notification from GM Financial, welcoming them to the GM family regarding the Dodge Ram truck and Toyota Camry.

25. Plaintiffs immediately placed a call to Defendant GM Financial to inform them that there was a mistake. Plaintiffs had not agreed to purchase either vehicle through GM Financial. The agent that they spoke with was rude and unwilling to listen.

26. Plaintiffs got in contact with Defendant Brandon Dockham and told him that they wanted no business dealings with GM Financial and that they made this clear before signing the purchase agreements. Defendant informed Plaintiffs that not much could be did at this point.

27. The Plaintiffs contacted GM Financial again and told them they could come get the truck they did not want any business dealings with them. Defendant GM Financial agreed to pick up the truck and was to give Plaintiff prior notice when the truck was to be picked up.

28. Defendant GM Financial did not provide Plaintiffs with a date and time to pick up the truck. Someone arrived at Plaintiffs' residence at 3:30am to pick up the truck. The person did not make his presence known to Plaintiff. The family dog alerted Plaintiffs that someone was on the property. Plaintiffs checked and discovered the person trying to enter the truck. Plaintiff went outside and handed the person the keys to the truck and told the person it's foolish to be walking around a person's yard at this hour of the morning, without making his presence known to the homeowner.

29. Plaintiffs contacted Defendant Brandon Dockham and told him they wanted the Toyota refinance through another finance company. Defendant told Plaintiffs there was nothing he could do. Plaintiffs told Defendant that they wanted all their money back, including whatever payments they made towards the vehicles and they also wanted vehicles of equal value of the 2016 Dodge Ram truck and 2015 Chevrolet Traverse that were traded in on the other two vehicles purchase. Defendant Dockham stated there was nothing he could do.

30. Plaintiffs have tried repeatedly to discuss the matter with Defendant GM Financial, but Plaintiffs only got the run around or were given misleading and erroneous information by each person they talked with at GM Financial.

31. Plaintiff's eventually stop making payments on the 2022 Toyota Camry and since that time, Plaintiffs have received over five hundred harassing and threatening phone calls from Defendant GM Financial.

32. That Defendant GM Financial failed to disclose that it was doing business as ("d/b/a") as Americredit on the purchase agreements provided to Plaintiffs.

33. That Defendants Brandon Buckham and Brookfield Chrysler Dodge Jeep Dealership, did not disclose to Plaintiffs at the time of purchasing either vehicle, the material fact, that GM Financial was actually Americredit.

34. That Plaintiffs upon information and belief, that all the Defendants acted in concert to keep material facts from them, in order to get them to purchase the two vehicles.

35. Defendants Brandon Buckham and Brookfield Chrysler Dodge Jeep Dealership, and GM Financial all benefited from the sales of the two vehicles to the Plaintiffs.

36. That without mistake Defendants Brandon Buckham and Brookfield Chrysler Dodge Jeep Dealership, knew or should have known that GM Financial was ("d/b/a") as Americredit.

## COUNT I - NEGLIGENCE OF DEFENDANT BRANDON DOCKHAM

37. Plaintiffs incorporate by reference paragraph 1 through 36 above as though fully stated herein.

38. That the Defendant, Brandon Dockham, during the course of conducting business with the Plaintiffs, had assumed a duty to provide complete, honest, and accurate information to the Plaintiffs as to who the actual finance company was that was providing Plaintiffs with the loan for the two vehicles that the Plaintiffs purchased from Defendant.

39. Having assumed such a duty, the aforementioned Defendant had an obligation/duty to provide full and complete financing information regarding the sale of the vehicles to the Plaintiffs in a non-negligent fashion and manner.

40. The Defendant, Brandon Buckham, breached the aforementioned duty and was negligent, said negligence consisting of, but not limited to, the following:

    (a) Failure to disclose to the Plaintiffs that Americredit was actually GM Financial;

    (b) Failure to produce and/or secure the appropriate paperwork (purchase agreement) showing that Americredit was actually GM Financial;

    (c) Failure to assist the Plaintiffs during and/or after Plaintiffs discovered that GM Financial was the actual loan provider of the two vehicles purchased from Defendant by Plaintiffs;

    (d) Failure to assist the Plaintiffs in the refinancing of the 2022 Toyota Camry

4

(e) Failure to nullify the purchase agreements between Plaintiffs and GM Financial after Plaintiffs discovered that they had been duped by Defendant into purchasing agreements with GM Financial for the purchase of the two vehicles.

41. That as a direct and proximate result of the negligence of the Defendant, the Plaintiffs, has sustained the following damages:

(a) Loss of the 2016 Dodge Ram truck that was a trade-in;

(b) Loss of the 2015 Chevrolet Traverse that was a trade-in;

(c) Loss of the $3,100.00 down payment;

(d) Loss of all monthly installment payments totalling approximate $5,000.00;

(e) Negative information contained in Plaintiffs' credit reports by GM Financial;

(f) Emotional anxiety and distress and harassment;

(g) Pain and suffering, past, present, and future.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an award in their favor against Defendant Brandon Dockham, for whatever amount above $100,000.00 they are found to be entitled in addition to an award of costs, interest, and attorney fees.

## COUNT II - NEGLIGENCE OF DEFENDANT BROOKFIELD CHRYSLER DODGE RAM DEALERSHIP

42. Plaintiffs incorporate by reference paragraph 1 through 41 above as though fully stated herein.

43. That the Defendant, Brookfield Chrysler Dodge Jeep Dealership, during the course of conducting business with the Plaintiffs, had assumed a duty to provide complete, honest, and accurate information to the Plaintiffs as to who the actual finance company was that was providing Plaintiffs with the loan for the two vehicles that Plaintiffs purchased from Defendant.

44. Having assumed such a duty, the aforementioned Defendant had an obligation/duty to provide full and complete financing information regarding the sale of the vehicles to the Plaintiffs in a non-negligent fashion and manner.

45. The Defendant, Brookfield Chrysler Dodge Jeep Dealership, breached the aforementioned duty and was negligent, said negligence consisting of, but not limited to, the following:

(a) Failure to disclose to the Plaintiffs that Americredit was actually GM Financial;

  (b) Failure to produce and/or secure the appropriate paperwork (purchase agreement) showing that Americredit was actually GM Financial;

  (c) Failure to assist the Plaintiffs during and/or after Plaintiffs discovered that GM Financial was the actual loan provider of the two vehicles purchased from Defendant by Plaintiffs;

  (d) Failure to assist the Plaintiffs in the refinancing of the 2022 Toyota Camry

  (e) Failure to nullify the purchase agreements between Plaintiffs and GM Financial after Plaintiffs discovered that they had been duped by Defendant into purchasing agreements with GM Financial for the purchase of the two vehicles.

46. That as a direct and proximate result of the negligence of the Defendant, the Plaintiffs, has sustained the following damages:

  (a) Loss of the 2016 Dodge Ram truck that was a trade-in;

  (b) Loss of the 2015 Chevrolet Traverse that was a trade-in;

  (c) Loss of the $3,100.00 down payment;

  (d) Loss of all monthly installment payments totalling approximately $5,000.00;

  (e) Negative information contained in Plaintiffs' credit reports by GM Financial;

  (f) Emotional anxiety and distress and harassment;

  (g) Pain and suffering, past, present, and future.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an award in their favor against Defendant Brookfield Chrysler Dodge Jeep Dealership, for whatever amount above $100,000.00 they are found to be entitled in addition to an award of costs, interest, and attorney fees.

### COUNT III - CIVIL CONSPIRACY TO VIOLATE PLAINTIFFS' CONSUMER RIGHTS

47. Plaintiffs incorporate by reference paragraph 1 through 46 above as though fully stated herein.

48. The acts of each of the Defendants to conceal, distort, cover-up, ratify and condone their wrongdoing and that of others by concealment, feigned ignorance, and misrepresentation of material facts, constitutes a conspiracy to violate Plaintiffs' rights under state and federal consumer laws.

49. The ratification, condemnation, concealment, distortion, willful ignorance, and failure to nullify the two purchase agreements, constitutes conspiracies to violate Plaintiffs' consumer rights.

50. The allegations set forth in this Complaint against all of the Defendants, are made against them jointly and severally.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter an award in their favor against Defendants Brandon Dockham and Brookfield Chrysler Dodge Jeep Dealership, and GM Financial for whatever amount above $100,000.00 they are found to be entitled in addition to an award of costs, interest, and attorney fees.

Respectfully submitted,

Dated: 12-27-22

Emanuel S. Coates
Plaintiff in pro per

Dated: 12-27-22

Kara A. Coates
In pro per

We declare under the penalty of perjury that the foregoing is true and correct.

Dated: 12-27-22

Emanuel S. Coates
Plaintiff in pro per

Dated: 12-27-22

Kara A. Coates
In pro per

7

## PLAINTIFFS' JURY DEMAND

Plaintiffs Emanuel S. Coates and Kara A. Coates, in pro per demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*Emanuel S. Coates*
Emanuel S. Coates
Plaintiff in pro per

Dated: 12-27-22

*Kara Coates*
Kara A. Coates
In pro per

Dated: 12-27-22

8

Emanuel & Kara Coates
6117 Oakland Dr.
Portage, Michigan 49024

Office of the Clerk
United States District Court
107 Federal Building
410 West Michigan Ave.
Kalamazoo, MI 49007



**HANDLE WITH CARE**